**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ELISEO JEREMIA VELASQUEZ MENDOZA | ) | |
| Petitioner, | ) | |
| -vs- | ) | NO. CIV-26-1782-HE |
| DON JONES, Director and Facility Administrator of the Kay County Detention Center, et al., | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Eliseo Jeremia Valesquez Mendoza, a Guatemalan citizen proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his detention by United States Immigration and Customs Enforcement. According to his petition, he is detained at Kay County Detention Center in Newkirk, Oklahoma.

As ordered, the federal respondents have responded to the petition. While not waiving appellate review or making any concessions, they acknowledge this matter is controlled by the Tenth Circuit's recent decision in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) and that petitioner's detention is governed by 8 U.S.C. § 1226(a). They request any order be limited to ordering a bond hearing pursuant to § 1226(a) within seven days. No reply to respondents' response has been filed within the time specified by the court.

Upon review and in light of respondents' acknowledgement as well as petitioner's *pro se* status, the court deems the petition amended to allege as Ground Four that petitioner's mandatory detention is in violation of the Immigration and Nationality Act and to request an individualized bond hearing pursuant to 8 U.S.C. § 1226(a), the statute under which petitioner's detention is governed.[1] *See* Rule 1(b), Rules Governing Section 2254 Cases (Rules may be applied to habeas corpus petitions arising under § 2241); Rule 12, Rules Governing Section 2254 Cases (Federal Rules of Civil Procedure may be applied to a habeas corpus proceeding); Fed. R. Civ. P. 15(a)(2) (Party may amend its pleading with court's leave and "court should freely give leave when justice so requires."). The court concludes that 8 U.S.C. § 1226 governs petitioner's detention,[2] *see* Santillan Quiroz, 180 F.4th at 1249 (8 U.S.C. § 1225(b)(2)(A)'s mandatory detention does not apply to noncitizens arrested in the country's interior), and the court will order respondents to

---

[1] *The Executive Office for Immigration Review's Automated Case Information, of which the court takes judicial notice, indicates petitioner was ordered removed on August 17, 2026, and any appeal is due by September 16, 2026. See, https://acis.eoir.justice.gov/en/caseInformation, A-206-879-777 (Last visited August 25, 2026). Once a decision to remove a noncitizen becomes "administratively final," it triggers, per 8 U.S.C. § 1231, a removal period during which the noncitizen must be detained. See Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021). The removal order involved here is not yet final.*

[2] *In light of the court's ruling, the court declines petitioner's claims asserted in Grounds One, Two, and Three of the petition and will dismiss those claims without prejudice. See Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.")*

provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) calendar days or otherwise release him if no hearing is held within that time.[3]

Accordingly, the petition for writ of habeas corpus under 28 U.S.C. § 2241, as deemed amended with respect to Ground Four, is **GRANTED**. Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) calendar days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Petitioner's claims asserted in Grounds One, Two and Three of the petition are dismissed without prejudice.

Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) calendar days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 25th day of August, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3]*See Santillan Quiroz, 180 F.4th at 1251 n. 13 ("Because [petitioner] can properly be subject to detention under § 1226(a), . . . the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.")*